*72 MEMORANDUM **
In April of 2002, Marlon Olivas was convicted, pursuant to a plea agreement, of battery with use of a deadly weapon on a police officer, assault on a police officer with the use of a deadly weapon, and mistreatment of a police animal. On November 29, 2004, Olivas petitioned for writ of habeas corpus in United States District Court for the District of Nevada. The district court denied the petition as untimely pursuant to a motion to dismiss filed by the state. On appeal, Olivas argues that the period of limitation should have been tolled under the relevant statutory provisions.
Excluding the time Olivas spent in state court, the present action was filed 466 days after Olivas’ conviction became final. This is 101 days over the one-year period prescribed by the Antiterrorism and Effective Death Penalty Act. On appeal, Olivas argues that the district court should have tolled the period of limitations until Olivas was able to gain physical access to the swim trunks he was wearing at the time of the incident that led to his arrest. He relies on 28 U.S.C. § 2244(d)(1)(B) and 28 U.S.C. § 2244(d)(1)(D). Each provision is discussed in turn.
A. 28 U.S.C. § 22U(d)(l)(B):
Section 2244(d)(1)(B) tolls the statutory period until the removal of any state-created impediment to filing that violates the constitution or federal law. Oli-vas argues that the police department’s response to his request to obtain his personal property constituted a state-created impediment to filing under § 2244(d)(1)(B). While in jail pending charges, Olivas submitted an inmate request form stating that he is “trying to find” the clothing that he had on his person during the incident. The police department responded that Oli-vas must supplement his request with a property release form, to be delivered by an officer, in order to obtain the desired items. There is no evidence that Olivas took further action with respect to the request. The police department did not violate the Constitution or federal law in demanding that an inmate use the proper form to obtain materials booked as evidence. Therefore, Olivas has failed to show that he is entitled to statutory tolling pursuant to § 2244(d)(1)(B).
B. 28 U.S.C. § 22U(d)(l)(D):
Olivas next argues that the period of limitations should be tolled pursuant to § 2244(d)(1)(D), which begins the statutory period on the date that the “factual predicates” of the petitioner’s habeas claims are discovered, or could have been discovered “through the exercise of due diligence.”
Olivas’ statutory tolling argument hinges on his assertion that he only discovered the factual predicates of his habeas claim — that is, the fact that his trunks did not have side pockets — at the time he gained physical access to the swim trunks. The record does not support this assertion. Olivas’ inmate request form, submitted when charges were still pending against him, describes the swim trunks as having a “pocket (in back).” We conclude that Oli-vas was aware that his trunks did not have side-pockets throughout the proceedings against him. Olivas discovered no new factual information relevant to his habeas claim upon gaining physical access to the trunks. Therefore, § 2244(d)(1)(D) does not require this Court to toll the period of limitations to that date. Cf. Hasan v. Ga *73 laza, 254 F.3d 1150, 1154-55 (9th Cir.2001) (tolling the petitioner’s habeas claim to the date that new facts were discovered).
Even if access to the trunks was necessary to the establish the factual predicates of Olivas’ claim, we would deny Oli-vas’ petition on the ground that he could have gained timely access to his trunks through the exercise of due diligence. Oli-vas was informed early in the proceedings that he could retrieve his belongings at any time by filling out a property release form. Olivas failed to do so. The record supports the district court’s finding that Olivas’ English skills were sufficient for filing legal and other documents during the proceedings against him. Olivas’ statutory tolling argument is therefore without merit.
C. Uncertified issues:
Olivas raises several additional issues on appeal, concerning the effect of due process and equitable tolling on the timeliness of his petition, which are not covered by the district court’s certificate of appealability (“COA”). Pursuant to Circuit Rule 22-1(e), Olivas’ briefing on uncertified issues “will be construed as a motion to expand the COA and will be addressed by the merits panel to such extent as it deems appropriate.” See Circuit Rule 22-l(e). Upon reviewing Olivas’ petition and the district court’s decision, we see no reason to expand the COA to include uncertified issues.
The petition is DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.